IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.  1:20-CV-22462

PREFERRED BANK, a California Banking Corporation.,

    Plaintiff,

v.

ODYSSEY LEASING, LLC, a Delaware limited liability company, ODYSSEY ENGINES, LLC, a Florida limited liability company, DAVID ALAN BOYER, an individual, and JOEL PLASCO, an individual,

    Defendants.

## VERIFIED COMPLAINT

Plaintiff Preferred Bank ("Plaintiff") sues defendants Odyssey Leasing ("Odyssey Leasing"), Odyssey Engines, LLC ("Odyssey Engines"), David Alan Boyer ("Boyer"), and Joel Plasco ("Plasco") (collectively, the "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1.    This is an action to obtain judgment and collect on amounts owed under a loan evidenced by matured promissory notes. Plaintiff is the lender and Defendants are the borrower (Odyssey Leasing) and guarantors (Odyssey Engines, Boyer and Plasco), under a credit agreement and related loan documents pursuant to which Defendants agreed to repay loans and pay certain expenses. The borrower, Odyssey Leasing, is engaged in the business of owning and leasing aircraft engines. On September 14, 2018, Odyssey Leasing entered into a credit agreement (such agreement, as amended, the "Credit Agreement") with Plaintiff.

2.    Pursuant to the Credit Agreement, Plaintiff has made a loan (the "Loan") to

Odyssey Leasing consisting of twelve advances with a total principal balance of $16,000,000. In connection with each of the advances, Odyssey Leasing has executed and delivered to Plaintiff certain promissory notes (the "Promissory Notes"). Each of these loan advances was made in connection with Odyssey Leasing's purchase of certain aircraft engines as described herein.

3. Odyssey Leasing's obligations under the Loan are currently fully due and payable and Odyssey Leasing has failed to pay all amounts due under the Loan.

4. Odyssey Engines, Boyer and Plasco each executed guarantees (the "Guarantees") in favor of Plaintiff in which they each individually guaranteed certain obligations of Odyssey Leasing under the Credit Agreement and Promissory Notes.

5. This lawsuit seeks judgment for certain amounts associated with the obligations and other charges owed under the Credit Agreement, Promissory Notes and Guarantees, and likewise seeks replevin of Plaintiff's property currently in Defendants' possession.

## THE PARTIES

6. Plaintiff is a California banking corporation with its principal place of business in Los Angeles, California.

7. Odyssey Leasing is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in Miami-Dade County, Florida. Its members are Boyer, a Florida citizen and resident, and Plasco, a New York citizen and resident.

8. Odyssey Engines is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located in Miami-Dade County, Florida. Its sole member is PCB Aviation Holdings LLC, a Delaware limited liability company with its principal place of business in Florida whose members are Boyer, a Florida citizen and

resident, Plasco, a New York citizen and resident, Carlos Conde, a Florida citizen and resident, and JGB Claggain Bay, Inc., a Delaware corporation with its principal place of business in Delaware.

9. Boyer is an individual who resides in Miami-Dade County, Florida and is a principal, member and officer of both Odyssey entities.

10. Plasco is an individual who resides in New York, New York and is a principal, member and officer of both Odyssey entities.

## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction under 28 U.S.C.§1332(a) because Plaintiff and the Defendants, including the members of the Defendant limited liability companies, are citizens of different states (California on the one hand, Delaware, New York, and Florida on the other hand respectively) and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

12. This Court has jurisdiction over Defendants because they have maintained sufficient minimum contacts with Florida such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

13. Venue properly lies in this district because at least one of the Defendants is a resident of the State of Florida residing in this district and because a substantial part of the events giving rise to the claims asserted in this action occurred in this district.

## FACTS

14. Plaintiff and Odyssey Leasing are parties to a Credit Agreement dated September 14, 2018 (the "Original Credit Agreement") as amended by Amendment No. 1 to Credit Agreement dated as of January 9, 2019 (the "Amendment No. 1") and as further amended by the

Omnibus Amendment No. 1 to Promissory Notes and Amendment No. 2 to the Credit Agreement also dated as of January 9, 2019 (the "Omnibus Amendment", together with the Original Credit Agreement and Amendment No. 1 constitute the Credit Agreement).

15. The Original Credit Agreement provides for the Loan with multiple advances to be made to Odyssey Leasing. These advances are sometimes referred to as "sub-loans" and are each evidenced by a separate note made payable to Plaintiff by Odyssey Leasing. The Loan was initially evidenced by the eight promissory notes executed by Odyssey Leasing on September 14, 2018 (the "2018 Notes") and was for an aggregate amount not to exceed $8,000,000.

16. Amendment No. 1 increased the amount of the available Loan to $16,000,000 and at that time, Odyssey Engines was added as an additional guarantor of all indebtedness arising under Promissory Note 301778-1 which was in the principal amount of $1,600,000. Four additional Promissory Notes were also executed on January 9, 2019 (the "2019 Promissory Notes" and with the 2018 Promissory Notes, constitute the "Promissory Notes"). All amounts due and owing by Odyssey Leasing under the Credit Agreement and Promissory Notes are referred to as the "Obligations" as further defined in the Credit Agreement.

17. Odyssey Leasing a failed to pay the amounts due Plaintiff on the maturity date of the various Promissory Notes. Odyssey Leasing also failed to pay the December 5, 2019 and January 5, 2020 regularly scheduled payments on the remaining Promissory Notes and Plaintiff exercised its right to accelerate the amounts due on those Promissory Notes on February 4, 2020.

18. Odyssey Leasing utilized the aforementioned loan amounts to purchase ten (10) used CFM56-3c engines and two (2) General Electric CF6-80 engines (collectively, the "Engines") pursuant to an Aircraft Engine Purchase Agreement entered into with JMD Aviation Holdings, LLC on September 14, 2018. The Engines are identified as follows:

|    | Manufacturer     | Model       | Serial Number |
|----|------------------|-------------|---------------|
| 1  | CFM International | CFM56-3C-1  | 723227        |
| 2  | CFM International | CFM56-3C-1  | 724890        |
| 3  | CFM International | CFM56-3C-1  | 857116        |
| 4  | CFM International | CFM56-3C-1  | 858332        |
| 5  | CFM International | CFM56-3C-1  | 720102        |
| 6  | CFM International | CFM56-3C-1  | 858440        |
| 7  | CFM International | CFM56-3C-1  | 856479        |
| 8  | CFM International | CFM56-3C-1  | 858267        |
| 9  | CFM International | CFM56-3C-1  | 858418        |
| 10 | CFM International | CFM56-3C-1  | 720631        |
| 11 | General Electric | CF6-80C2B1FB | 706383       |
| 12 | General Electric | CF6-80C2B1FB | 702643       |

19. The Engines were purchased by Odyssey Leasing for an aggregate purchase price of $16,000,000.00, all of which came from the loan proceeds funded by Plaintiff.

20. As a condition to Plaintiff's loaning funds or providing other financial accommodations to Odyssey Leasing, Plaintiff required Odyssey Leasing to enter into a Security Agreement (the "Security Agreement") on September 14, 2018 in order to secure the obligations and performance of Odyssey Leasing under the loan documents.

21. Pursuant to the Security Agreement, Odyssey Leasing, for itself and on behalf of its affiliates (including Odyssey Engines) granted Plaintiff a first priority security interest in any and all property of Odyssey Leasing, including but not limited to: (a) the Engines; (b) any lease or sublease of the Engines; (c) any servicing agreement with respect to the Engines; (d) the aforementioned purchase agreement with respect to the Engines; (e) the maintenance agreement with respect to the Engines; (f) all records relating to the Engines; (g) and all of Odyssey Leasing's books/records, inventory, equipment, software, securities, financial assets, etc. (as more fully defined in the Security Agreement, the "Collateral").

22. Plaintiff's first priority security interest with respect to the Engines was duly

recorded with the Federal Aviation Administration on or about September 14, 2018 pursuant to an Aircraft Security Agreement signed/sworn to by Plasco as manager, chairman, and president of Odyssey Leasing.

23. In addition to the aforementioned security agreement, Plaintiff also required that each of Boyer and Plasco execute a Pledge Agreement on or about September 14, 2018 whereby each granted to Plaintiff a first priority security interest in their respective membership interests in Odyssey Leasing and its affiliates (including Odyssey Engines) and all rights, claims, or distributions relating thereto.

24. Further, both such Pledge Agreements contain a "Waiver of Defenses" provision whereby each of Boyer and Plasco waived any present or future defense, cause of action, counterclaim, or setoff which either may have to any action by Plaintiff in enforcing the Pledge Agreements:

> Section 18  WAIVER OF DEFENSES. PLEDGOR, ON BEHALF OF ITSELF AND ANY GUARANTOR OF ANY OF THE OBLIGATIONS, TO THE EXTENT PERMITTED BY LAW, AND EXCEPT TO THE EXTENT SECURED PARTY ACTS WITH GROSS NEGLIGENCE OR WILFULL MISCODUCT, WAIVES EVERY PRESENT AND FUTURE DEFENSE, CAUSE OF ACTION, COUNTERCLAIM OR SETOFF WHICH PLEDGOR OR ANY OTHER OBLIGOR MAY NOW HAVE OR HEREAFTER MAY HAVE TO ANY ACTION BY THE SECURED PARTY IN ENFORCING THIS AGREEMENT. PROVIDED SECURED PARTY ACTS IN GOOD FAITH, DEBTOR RATIFIES AND CONFIRMS WHATEVER SECURED PARTY MAY DO PURSUANT TO THE TERMS OF THIS AGREEMENT. THIS PROVISION IS A MATERIAL INDUCEMENT FOR THE SECURED PARTY GRANTING ANY FINANCIAL ACCOMMODATION TO DEBTOR.

25. Included in its Obligations Odyssey Leasing also agreed to pay a late charge of 5% on any payment not made within ten (10) days of the due date. Odyssey Leasing also agreed to pay any attorneys' fees incurred by Plaintiff in enforcing its rights under the Credit Agreement, Promissory Notes and Guarantees.

26. On or about December 17, 2019, as a result of Odyssey Leasing's defaults under the Credit Agreement and other loan documents, Plaintiff sent written notices of default to each of

the Defendants in which, among other things, Plaintiff accelerated all amounts due under the loan documents and the guarantees. Supplemental notices of default were sent by Plaintiff on January 10, 2020.

27. On or about February 28, 2020, Plaintiff, Odyssey Leasing, Odyssey Engines, Plasco, and Boyer entered into a Forbearance Agreement (the "Forbearance Agreement") with respect to the various defaults under the loan agreements existing at the time.

28. Pursuant to the Forbearance Agreement, Defendants each acknowledged and agreed that the defaults identified in the aforementioned December 17, 2019 default notices had occurred and were continuing.

29. At the time the Forbearance Agreement was executed, Defendants had represented they were in talks to sell certain of the Engines and expected a deal to close shortly (which would have resulted in a significant repayment to Plaintiff of amounts due under the loan documents).

30. Given Defendants' representations, the Forbearance Agreement provides for a temporary forbearance until the latest of March 31, 2020 for Plaintiff to enforce its rights or remedies against Defendants under the loan documents.

31. The Forbearance Agreement contains a number of financial and non-financial covenants in Section 5 thereof, including but not limited to obtaining certain consents, delivering to Plaintiff a plan to maintain and/or repair the remaining Engines (following the contemplated sale), providing a thirteen-week cash flow statement, etc. – all of which was to occur by March 13, 2020.

32. Defendants failed to perform under the Forbearance Agreement – the sale of the two Engines never occurred and Defendants failed to comply with the aforementioned non-financial covenants. As a result of this failure of performance, the Forbearance Agreement

terminated and specifically provides that Plaintiff may exercise any and all rights and remedies available pursuant to the loan documents.

33. As a condition of Plaintiff entering into the Forbearance Agreement, Plaintiff required each of the Defendants to execute a Confession of Judgment and Agreed Judgment Order, whereby each of the Defendants agreed to entry of judgment against him/it for the amounts specified in the Forbearance Agreement.

34. All conditions precedent to this action have been performed or have been waived.

## COUNT ONE – BREACH OF CONTRACT
### (Odyssey Leasing)

35. Plaintiff re-alleges and incorporates paragraphs 1 through 34 as set forth above.

36. The Credit Agreement constitutes a valid contract between Plaintiff and Odyssey Leasing.

37. Plaintiff has performed all of its obligations under the Credit Agreement. Odyssey Leasing has breached its obligations under the Credit Agreement and Promissory Notes. Although Odyssey Leasing agreed to repay on all principal and outstanding interest under the Credit Agreement and Promissory Notes when due, it failed to do so.

38. Pursuant to the terms of the Credit Agreement and Promissory Notes, Odyssey Leasing is liable for all attorneys' fees and expenses incurred by Plaintiff in enforcing the terms of the Credit Agreement and Promissory Notes.

39. The total amount of principal due and owing as of the filing of this lawsuit totals $11,344,179.85 plus accrued interest, default interest, late charges, attorneys' fees and any and all accrued and unpaid Obligations pursuant to the Credit Agreement and Promissory Notes.

**WHEREFORE**, Plaintiff demands judgment against Odyssey Leasing for compensatory damages, consequential damages, specific performance, preliminary and permanent injunctive

relief, prejudgment interest, post-judgment interest, costs, attorneys' fees, and such other relief as the Court deems just and proper.

## COUNT TWO – BREACH OF GUARANTY
### (Odyssey Engines)

40. Plaintiff re-alleges and incorporates paragraphs 1 through 39 as set forth above.

41. Pursuant to a Guaranty Agreement entered into on January 9, 2019 between Odyssey Engines and Plaintiff (the "Corporate Guaranty"), Odyssey Engines guaranteed all of Odyssey Leasing's obligations under the Promissory Note 301778-1.

42. The Corporate Guaranty guarantees both Odyssey Leasing's payment and performance obligations and provides that Odyssey Engines has primary liability for the payment and performance obligations of the Borrower under the Promissory Note 301778-1.

43. The total amount of principal due and owing as of the filing of this lawsuit totals $11,344,179.85 plus accrued interest, default interest, late charges, attorneys' fees and any and all accrued and unpaid Obligations pursuant to the Credit Agreement relating to Promissory Note 301778-1.

**WHEREFORE**, Plaintiff demands judgment against Odyssey Leasing for compensatory damages, consequential damages, preliminary and permanent injunctive relief, prejudgment interest, post-judgment interest, costs, attorneys' fees, and such other relief as the Court deems just and proper.

## COUNT THREE – BREACH OF GUARANTY
### (Boyer)

44. Plaintiff re-alleges and incorporates paragraphs 1 through 39 as set forth above.

45. Pursuant to a Guaranty Agreement entered into on September 14, 2018 and a subsequent Guaranty Supplement entered into on January 9, 2019 between Boyer and Plaintiff (the

"Boyer Guaranty"), Boyer guaranteed all of Odyssey Leasing's Obligations under the Credit Agreement and Promissory Notes.

46. The Boyer Guaranty guarantees both Odyssey Leasing's payment and performance obligations and provides that Boyer has primary liability for the payment and performance Obligations of the Borrower.

47. The total amount of principal due and owing under the Credit Agreement and Promissory Notes as of the filing of this lawsuit totals $11,344,179.85, plus accrued interest, default interest, late charges, attorneys' fees and any and all accrued and unpaid Obligations pursuant to the Credit Agreement and Promissory Notes.

**WHEREFORE**, Plaintiff demands judgment against Boyer for compensatory damages, consequential damages, preliminary and permanent injunctive relief, prejudgment interest, post-judgment interest, costs, attorneys' fees, and such other relief as the Court deems just and proper.

### COUNT FOUR – BREACH OF GUARANTY
### (Plasco)

48. Plaintiff re-alleges and incorporates paragraphs 1 through 39 as set forth above.

49. Pursuant to a Guaranty Agreement entered into on September 14, 2018 and a subsequent Guaranty Supplement entered into on January 9, 2019 between Plasco and Plaintiff (the "Plasco Guaranty"), Plasco guaranteed all of Odyssey Leasing's Obligations under the Credit Agreement and Promissory Notes.

50. The Plasco Guaranty guarantees both Odyssey Leasing's payment and performance obligations and provides that Plasco has primary liability for the payment and performance Obligations of Odyssey Leasing.

51. The total amount of principal due and owing under the Credit Agreement and Promissory Notes as of the filing of this lawsuit totals $11,344,179.85, plus accrued interest,

default interest, late charges, attorneys' fees and any and all accrued and unpaid Obligations pursuant to the Credit Agreement and Promissory Notes.

**WHEREFORE**, Plaintiff demands judgment against Plasco for compensatory damages, consequential damages, preliminary and permanent injunctive relief, prejudgment interest, post-judgment interest, costs, attorneys' fees, and such other relief as the Court deems just and proper.
COUNT

## COUNT FIVE – REPLEVIN
### (Odyssey Leasing and Odyssey Engines)

52. Plaintiff re-alleges and incorporates paragraphs 1 through 39 as set forth above.

53. Plaintiff has a first priority security interest in the Collateral.

54. The Collateral is wrongfully detailed by Odyssey Leasing and Odyssey Engines.

55. Odyssey Leasing and Odyssey Engines were able to obtain and maintain possession of the Collateral by virtue of the loan proceeds advanced by Plaintiff.

56. To Plaintiff's best knowledge, Odyssey Leasing and Odyssey Engines detain the Collateral because they seek to dispose of the Collateral in such manner so as to avoid turning over the proceeds to Plaintiff, in violation of the loan agreements described herein.  Plaintiff believes that Odyssey Leasing and Odyssey Engines are engaging in, or are about to engage in, conduct that may place the Collateral, or its proceeds, in danger of destruction, concealment, waste, removal from the state, removal from the jurisdiction of the court, or transfer to an innocent purchaser during the pendency of this action.

57. The Collateral has not been taken for any tax, assessment, or fine pursuant to law.

58. The Collateral has not been taken under an execution or attachment against Plaintiff's property.

**WHEREFORE**, Plaintiff demands judgment for possession of the Collateral, for costs,

and for such other relief as the Court deems just and proper.

Dated: June 15, 2020.                                   DESOUZA LAW, P.A.
                                                                                                       3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (954) 603-1340
DDesouza@desouzalaw.com

By: /s/ Daniel DeSouza, Esq._____
      Daniel DeSouza, Esq.
      Florida Bar No.: 19291

4841-1795-7485, v. 1

## VERIFICATION

I, _John C. Stipanov_, hereby attest that I have read the foregoing Complaint and the allegations contained therein are true and correct to the best of my knowledge and belief.

_____
Affiant  JOHN C. STIPANOV
         SENIOR VICE PRESIDENT

The foregoing instrument was acknowledged before me, under oath, this _1st_ day of _June_, _2020_ by _John C. Stipanov_, who is personally known to me or has produced _____ as identification.

**EVANGELINE CRUZ BUCAGO**
COMM. # 2200027
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires JUNE 3, 2021

_____
NOTARY PUBLIC

EVANGELINE CRUZ BUCAGO
**Printed Name of Notary Public**

My Commission Expires: